IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KATHRYN SCURRY, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-24-3700 |
| § | |
| AMEGY BANK OF TEXAS, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

The plaintiff, Kathryn Scurry, representing herself, alleges that when she sought to open a business bank account for her recently formed LLC, she was told that she had to wait 90 days to do so. She sues the bank where she attempted to open the account, Amegy Bank of Texas, and two if its employees, Haydee Elsaadi and Sonja Rucker-Hines. She alleges that the Bank and its employees discriminated against her and that she has suffered damages as a result.

The motion to dismiss is granted. The reason for this ruling is set out below.

**I.    Background**

Scurry alleges that she went to open a business bank account at Amegy Bank of Texas, located at 4511 Cypress Creek Parkway, Houston, Texas 77069. (Docket Entry No. 1-1 ¶ 10). She was greeted by a Branch Service Manager, Haydee Elsaadi, who took copies of Scurry's state ID, business formation documents, and a check from the Human Rights Campaign bearing her name and her company name. (*Id*.). When Scurry asked to have the check deposited, Elsaadi responded that the check had to be verified. (*Id*. ¶ 11). After taking the check from Scurry, Elsaadi returned and informed Scurry that she could not open a business bank account until after 90 days

had elapsed. (*Id*.). Elsaadi informed Scurry that this was because the entity formation documents for her LLC were new. (*Id*.).

Scurry alleges that she left the bank feeling "unsettled" and reached out to Amegy's corporate office. (*Id*. ¶ 12). Amegy's corporate office informed her that the 90-day rule applied to DBAs, not LLCs. (*Id*.). An Amegy corporate employee put Scurry on hold and called the local branch that Scurry had visited. (*Id*.). The individual at the branch who the Amegy corporate employee spoke with purportedly told the Amegy corporate employee that "you don't know what you're talking about." (*Id*.). The Amegy corporate employee returned to the call with Scurry and apologized for any miscommunication. (*Id*.).

Later that day, Scurry received calls from Elsaadi. (*Id*. ¶ 13). Elsaadi told her that the branch's 90-day rule was to prevent business banking fraud. (*Id*.). Scurry returned to the bank branch and asked to speak with the manager. (*Id*. ¶ 14). She was informed that the manager was out for the day and would return the next day. (*Id*.). The next day, Scurry received a call from Sonja Rucker-Hines, an Amegy branch manager, who informed her that branch managers have the right to refuse an account. (*Id*. ¶ 15). Rucker-Hines informed Scurry that she would be willing to open the account after 90 days elapsed. (*Id*.).

Scurry went to the bank branch to meet with Rucker-Hines, who justified Elsaadi's actions by the need to guard against the frequent appearance of fraudulent checks. (Id. ¶¶ 17-18). On December 27, 2022, Scurry filed a complaint with Amegy Corporate. (*Id.* ¶ 19). She also filed complaints against Amegy Bank of Texas with the Consumer Financial Protection Bureau, the FDIC Division of Depositor and Consumer Protection, the Office of the Comptroller of the Currency, and the Department of Justice Civil Rights Division. (*Id*.). Scurry received several communications from Amegy's corporate office and Amegy Bank of Texas about her complaints.

(*Id.* ¶ ¶ 20-21).  Scurry asserts that in one of those communications, Amegy Bank of Texas conceded that she received less than adequate service during her initial visit to the bank.  (*Id.* ¶ 21).

After attempts to resolve her dispute directly with Amegy, Scurry filed suit against Amegy Bank of Texas, Elsaadi, and Rucker-Hines.  (*Id.* ¶ 22).  Scurry seeks monetary and exemplary damages for the following: "Discrimination, Racial Profiling, Minority Stress, Emotional Distress, and unnecessary General Inconvenience."  (*Id.*).

**II.      The Legal Standard**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  (quoting *Twombly*, 550 U.S. at 556).  "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and

3

money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

"The pleadings of pro se litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression." *Whitfield v. Am. Express Nat'l Bank*, 2024 WL 1543236, at *2 (W.D. Tex. Apr. 9, 2024) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)). "However, pro se plaintiffs are required to plead factual allegations that rise above a speculative level, and courts should not create causes of action where none exist." *Id.* (citing *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016)).

### III. Analysis

The court construes Scurry's claims as arising under 42 U.S.C. § 1981, which states that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).

"Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). "In a commercial context, in order to establish a prima facie case under § 1981, the plaintiff must show that (1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288–89 (5th Cir. 2004).

The defendants argue that Scurry's § 1981 claim fails because she has not alleged facts that could show racially discriminatory intent, the existence of a contractual relationship with Elsaadi or Rucker-Hines, or a but-for causal relationship between the alleged discrimination and the harm to Scurry.

### A. Racial Minority Status

As to the first requirement, Scurry's complaint contains no facts about her race or status as a racial minority. The court is unable to infer from this whether Scurry is a racial minority, as required under § 1981.

As to the second requirement, intentional discrimination, a plaintiff must allege facts showing that he or she was the subject of intentional discrimination. *See Coleman v. Houston Independent School Dist.*, 113 F.3d 528, 533 (5th Cir. 1997) ("[A] cause of action for racial discrimination in the making and enforcement of contracts, under § 1981, requires the plaintiff to demonstrate intentional discrimination."). The defendants argue, and the court agrees, that Scurry fails to state facts showing that she was the subject of intentional discrimination. (Docket Entry No. 3 at 11-15).

Scurry's complaint and response do not allege that Elsaadi or Rucker-Hines made any racially charged comments, or that similarly situated customers who were not racial minorities were treated differently. Instead, Scurry's response contains the conclusory statements that she perceived Elsaadi and Rucker-Hines to be "driven by preconceived biases based on [Scurry's] race rather than any legitimate concerns" and that they used suggestive language that was "unjustified and discriminatory." (Docket Entry No. 4 at 4-5). This is insufficient to give rise to the inference that Elsaadi or Rucker-Hines intentionally discriminated against Scurry based on her race. *See, e.g., Waller v. Escamilla*, 2022 WL 2479161, at *4 (S.D. Tex. July 6, 2022) (holding that the

plaintiff's allegations were insufficient to show intentional discrimination when there were no allegations about dissimilar treatment or that the defendants had made any racially charged comments about the plaintiff).

As to the third requirement, "the plaintiff must demonstrate the loss of an actual, not speculative, or prospective, contract interest" to make out a successful claim under § 1981. *Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir. 2003). Because Scurry has failed to allege facts that can show intentional discrimination, as required under § 1981, the court need not reach the question of whether Scurry has shown that she suffered the loss of an actual contract interest.

### IV.     Conclusion

The motion to dismiss is granted. Scurry's claims under 42 U.S.C. § 1981 are dismissed without prejudice, with leave to amend no later than January 15, 2025.

SIGNED on December 1, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge